HOWARD B. TUTTLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32998. Promulgated April 8, 1930.

*Nelson S. Spencer, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

504

## OPINION.

BLACK: During the calendar year 1923 the petitioner was the owner of 16,000 shares of stock of the National Malleable Castings Co., which shares he had received in exchange in 1920 for 4,000 shares of stock in the same company, which we have determined had a March 1, 1913, value of $800,000. In December of 1923 the National Malleable Castings Co. was reorganized. Under the terms of reorganization 1½ shares of stock in the National Malleable & Steel Castings Co., together with $6 in debenture notes and 50 cents in cash, were to be exchanged for each share of stock in the National Malleable Castings Co. The petitioner exchanged his 16,000 shares of the original stock for 24,000 shares of the new, plus $96,000 worth of debentures and $8,000 cash. In regard to the transaction, he testified as follows:

Q. Altogether you got 24,000 shares of the capital stock of the National Malleable and Steel Castings Company, $96,000 of debenture notes and $8,000 in cash?
A. Yes.
Q. Were these notes redeemed?
A. Yes, sir.
Q. At the same time?
A. Yes, sir.
Q. So that the actual cash you got was $104,000?
A. Yes.

So we hold that what petitioner in reality received in exchange for his 16,000 shares of common stock in the old company was 24,000 shares common stock of the same par value per share in the new company, and $104,000 in cash. The receipt of the common stock is not taxable, regardless of its value on account of its having been received in a reorganization.

The petitioner contends that none of the transaction is taxable and that it falls within the provisions of subdivision (e) of section 202 of the Revenue Act of 1921, as amended by Public Act 545, 67th

Congress, taking effect January 1, 1923, and that the cash and the proceeds of the redemption of the debenture notes are to be applied against and used to reduce the basis of cost, and that if this method is followed, there will be no tax on the transaction. Respondent contends that the petitioner properly treated the transaction in his original return, wherein he returned a profit of $44,740.74 on this transaction, treating the entire $8,000 cash as profit. By the method of apportioning the cost between the debenture notes and the 24,000 shares of common stock (the method used by petitioner in his original return), respondent arrived at a profit of $36,740.80 from the subsequent cashing of the debenture notes. In the alternative the respondent contends that if the Board should hold that the debenture notes received were equivalent to cash, then the whole $104,000 should be treated as cash and the deficiency accordingly increased.

Section 202 (e) of the Revenue Act of 1921, as amended, reads as follows:

Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2), and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the amount of the gain resulting from such exchange shall be computed in accordance with subdivisions (a) and (b) of this section, but in no such case shall the taxable gain exceed the amount of the money and the fair market value of such other property received in exchange.

From the evidence we are of the opinion that as a result of the transaction the petitioner in exchange for his 16,000 shares of stock received 24,000 shares of stock of $1,200,000 par value and $104,00C in cash, and that the respondent was in error in attempting to compute a profit on the debenture notes on the theory that their redemption was a separate transaction. These 24,000 shares of common stock received in exchange had a readily realizable market value and were worth at least as much as $800,000, the March 1, 1913, value of the original shares. Accordingly, under the provisions of the latter half of subdivision (e) of section 202, as amended, of the Revenue Act of 1921, the taxable gain on the transaction is $104,000, the amount of cash received in the transaction.

The petitioner sold for $762,591.29, three lots in the city of Chicago, which we have found had a cost of $826,693.82 and a March 1, 1913, value of $913,402. We are of the opinion that in this transaction the petitioner sustained a loss of $64,102.53, less the proper

amount of depreciation on the buildings on the Watson and Williams properties, which loss he is entitled to deduct in determining his net income for the taxable year.

*Judgment will be entered under Rule 50.*

Reviewed by the Board.